# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MICHAEL DUCHELLE GREEN,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:22-cv-00391** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **MUNICIPAL CLAIM, et al.,** | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, seeking to hold the Blue Ridge Regional Jail Authority ("BRRJA") and other defendants liable for the use of excessive force against him while he was being held at the Halifax Adult Detention Center in February 2021. Court records indicate that Green has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, under the three strikes provision of the Prison Litigation Reform Act, Green may not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] See, e.g., Green v. Towery, No. 7:21-cv-00341 (W.D. June 4, 2021); Green v. Beuckelaere, No. 7:21-cv-00342 (W.D. Va. June 4, 2021); Green v. Salmon, No. 7:21-cv-00171 (W.D. May 28, 2021); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00207 (W.D. Va. Dec. 14, 2018); Green v. Amherst Cnty. Adult Det. Ctr., No. 7:18-cv-00247 (W.D. Va. Oct. 30, 2018); Green v. Kazlauskas, No. 7:18-cv-00302 (W.D. Va. Oct. 30, 2018); Green v. Wang, No. 7:05-cv-00116 (W.D. Va. Feb. 25, 2005); Green v. Mardavich, No. 7:05-cv-00106 (W.D. Va. Feb. 22, 2005); Green v. Mardavich, No. 7:05-cv-00094 (W.D. Va. Feb. 16, 2005).

The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Thus, "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed . . . ." Id.; see also Pettus v. Morgenthau, 554 F.3d 293, 296 (2d Cir. 2009) (explaining that "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed").

The allegations in Green's complaint do not satisfy the imminent danger exception. As indicated above, Green seeks to hold the defendants liable for an incident that occurred more than a year ago at the detention center operated by the BRRJA. The complaint does not plausibly suggest that the "conduct complained of threatens continuing or future injury." Martin, 319 F.3d at 1050. Green acknowledges that he is no longer incarcerated at the detention center,[2] and his "[a]llegations of past harm do not suffice" to invoke the imminent danger exception. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

Because Green has not prepaid the filing fee or demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice under 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: July 27, 2022

Digitally signed by Michael F.
Urbanski      Chief U.S. District
Judge
Date: 2022.07.27 12:33:38
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] According to the complaint, Green is now incarcerated at Pocahontas State Correctional Center, a facility operated by the Virginia Department of Corrections.